UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


LaDonna G. Shorter,                                    Case No. 3:24-cv-1049

                    Plaintiff,

         v.                                            MEMORANDUM OPINION
                                                            AND ORDER

Matthew Hagerdorn, et al.,

                    Defendants.


## I.     INTRODUCTION

Before me is Defendants' motion to dismiss this case pursuant to Rules 12(b)(4) and 12(b)(5) for insufficient process and insufficient service of process.  (Doc. No. 11).  In response, Plaintiff filed a motion "for an extension of [her]case," (Doc. No. 13), and subsequently, an opposition to Defendants' motion to dismiss.  (Doc. No. 15).  Defendants then filed a reply brief in support of their motion.  (Doc. No. 18).

Plaintiff has also filed a motion for appointment of counsel.  (Doc. No. 16).  Defendants filed nothing in response to this motion.

For the reasons stated below, Defendants' motion to dismiss is denied, (Doc. No. 11), Plaintiff's motion for an "extension of [her] case" is granted, (Doc. No. 13), and Plaintiff's motion for appointment of counsel is denied.  (Doc. No. 16).

## II.  BACKGROUND

On January 24, 2025, I granted Plaintiff's motion to reopen this case and "direct[ed] the Clerk of Court to issue summons to Plaintiff so that she may serve Defendants with the summons and her Complaint." (Doc. No. 7 at 1).  I also ordered:

> Plaintiff shall serve Defendants within ninety (90) days of the date summons is issued.  She may seek service by the Clerk by complying with the procedure set forth in Local Rule 4.2, and I direct the Clerk to mail a copy of this Rule to Plaintiff with this Order.  If Plaintiff fails to perfect service on either Defendant within ninety (90) days of issuance of the summons, or fails to show good cause as to why she is unable to meet that deadline, her claims against any unserved Defendant will be dismissed without prejudice under Rule 4(m).

(*Id.* at 1-2).  A copy of this Order and Local Rule 4.2 was mailed to Plaintiff on January 24, 2025.  (*See* Jan. 24, 2025 non-document entry).  The Clerk also issued original summons and mailed those summons to Plaintiff on January 24, 2025.  (Doc. No. 8).

Pursuant to my January 24, 2025 Order, Plaintiff was to serve Defendants with the summons and Complaint no later than April 24, 2025.  But this deadline passed, and nothing was filed showing service had been perfected on either Defendant.  Nevertheless, because Plaintiff may have served Defendants by the April 24, 2025 deadline even though she may not have filed the proper proof of service by this date, I did not dismiss the action immediately.

On May 13, 2025, counsel entered an appearance on behalf of Defendants.  (Doc. Nos. 9 and 10).  Defendants then  filed a motion to dismiss this action pursuant to Rules 12(b)(4) and 12(b)(5) based on insufficient process and insufficient service of process on May 19, 2025.  (Doc. No. 11).  Defendant Elling alleges he has not been served with the summons and complaint.  (Doc. No. 11-3).  Defendant Hagedorn alleges he received a copy of the Complaint that was not accompanied by the issued summons on April 29, 2025, which was sent by certified mail on April 24, 2025.  (Doc. No. 11-1; *see also* Doc. No. 11-2).

In response to Defendants' motion, Plaintiff filed a motion "for an extension of [her] case" on June 4, 2025. (Doc. No. 13). In this motion, Shorter asks for two forms of relief. First, she asks for an extension of time to "properly file a motion to not dismiss case base off how [she] mailed certified letters off on the 24 of April." (*Id.* at 1). And second, she seemingly asks that any deficiency in service be excused and that she be granted an extension of time to properly serve Defendants because she is acting "on her own without the help of an attorney." (*Id.* at 2). In support of the second request, she details her previous efforts to properly serve Defendants and alleges she was given inconsistent advice by this Court's Clerk's Office. (*Id.* at 1-2). Specifically, she alleges she came to the Court "on the 22 of April and was instructed to mail the summons and complaint" herself. (*Id.*). She then states she returned to the Court and was given alternate instructions. In describing the instructions she alleges were given to her the second time she came to the Court, she essentially restates the procedure required by Local Rule 4.2, which she was mailed on January 24, 2025. (*Compare id.* at 1-2 *with* Local R. 4.2).

The same day Plaintiff filed the motion for extension, Defendants filed a notice stating, "Defendants do not oppose Plaintiff LaDonna Shorter's motion for extension of time (Doc.#13) to file her memorandum in opposition to Defendants' motion to dismiss (Doc. #11)." (Doc. No. 14). Their notice does not address Plaintiff's substantive allegations supporting her request for an extension of time to properly serve Defendants.

With no opposition to her request to extend her opposition deadline, Plaintiff filed her opposition to Defendants' motion to dismiss on June 18, 2025. (Doc. No. 15). But her opposition consists primarily of her recitation of the events she alleges give rise to her claim for relief. (*See* Doc. No. 15-1). Plaintiff does not meaningfully challenge any of Defendants' motion to dismiss arguments. The only part of Plaintiff's opposition that relates to service of process is that she:

> petitions pr[a]ying pursuant to Fed. Rules of Civil Procedure 4 and 4(g) and 12(b)(4). Has corrected the spelling of names and this time plaintiff will allow courts to send

certified letter(s) off[,] . . . has been instructed by the courts to send certified mail of[f] by the Clerk of Court[, and u]pon reading the motion and getting a clear understanding by representing yourself in Federal District Court  Northern District of Ohio[, t]he courts have to be the sender.

(Doc. No. 15 at 1-2).

There is no indication on the docket that Plaintiff has presented any documents to the Clerk of Court to be served on Defendants.

### III.     SERVICE OF PROCESS

At the outset, I grant Plaintiff's motion "for an extension of [her] case" in part.  (Doc. No. 13).  Specifically, because Defendants did not object to her motion for additional time to file her memorandum in opposition to Defendants' motion to dismiss, (Doc. No. 14), I will consider her June 18, 2025 opposition brief to be timely filed.  (Doc. No. 15).

Next, I turn to the second half of her motion "for an extension of [her] case" – her request for an extension of time to serve process on Defendants.  (Doc. No. 13).

Pursuant to the Federal Rules of Civil Procedure,

If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  "[A]bsent a finding of good cause, the court retains discretion as to whether or not to enlarge that timeframe."  *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)).  The Sixth Circuit has instructed:

a district court should consider the following factors when deciding whether to grant a discretionary extension of time in the absence of a finding of good cause:

(1) whether an extension of time would be well beyond the timely service of process;

(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3) whether the defendant had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians Med. Ctr., LLC*, 44 F.4th at 569.[1]

Plaintiff has not shown "good cause" for her failure to perfect service by the April 24, 2025 deadline.

On January 24, 2025, I ordered:

Plaintiff shall serve Defendants within ninety (90) days of the date summons is issued.  She may seek service by the Clerk by complying with the procedure set forth in Local Rule 4.2, and I direct the Clerk to mail a copy of this Rule to Plaintiff with this Order.  If Plaintiff fails to perfect service on either Defendant within ninety (90) days of issuance of the summons, or fails to show good cause as to why she is unable to meet that deadline, her claims against any unserved Defendant will be dismissed without prejudice under Rule 4(m).

(Doc. No. 7 at 1-2).  She was mailed a copy of this Order and Local Rule 4.2 on January 24, 2025. (*See* Jan. 24, 2025 non-document entry).  This copy of Local Rule 4.2 provided Plaintiff with service of process instructions including specific instructions on the procedure by which Plaintiff could attempt to effect service by the Clerk of Court.  *See* Local R. 4.2.

---

[1] Contrary to Defendants assertion, this is not a "test to determine if good cause for an extension to the time to complete service is warranted."  (Doc. No. 18 at 2).  It is the test to determine "whether to grant a discretionary extension of time *in the absence of a finding of good cause*."  *Oakland Physicians Med. Ctr., LLC*, 44 F.4th at 569 (emphasis added).

Because the summonses were issued by the Clerk of Court on January 24, 2025, (Doc. No. 8), Plaintiff was required to perfect service by April 24, 2025. Despite having three months from the time she was notified of this deadline, Plaintiff's filings suggest she did not begin pursuing service until April 22, 2025. (*See* Doc. No. 13 at 1). She alleges that on this date, the Clerk's Office erroneously "instructed [her] to mail the summons and complaint off [herself]." (*Id.*). She alleges she complied with these instructions by "mail[ing] certified letters off on" April 24, 2025, (*id.*) – the date service was to be perfected or cause was to be shown for the failure to timely perfect service. (*See* Doc. No. 7).

Of those alleged certified mailings, only one was received. On April 29, 2025, Hagedorn received a certified mailing from Plaintiff, but the envelope contained only a copy of the Complaint and not the Clerk-issued summons. (Doc. Nos. 11-1 and 11-2). Elling attests that he received no mailing, (Doc. No. 11-3), and Plaintiff offers nothing to show whether and to where a certified mailing was sent with respect to Elling.

Plaintiff also offers no justification for her failure to even *attempt* to satisfy her burden during the 88 days preceding the date she was allegedly provided erroneous instructions by the Clerk's Office. Nor does she explain why she did not mail a copy of the Clerk-issued summons to Hagedorn, as instructed by the Clerk's Office. Still, she suggests "good cause" exists to extend the service deadline because she is "doing this process all on [her] own without the help of an attorney." (Doc. No. 13 at 2). This is alone is not "good cause" because *pro se* litigants are not accorded any special consideration when they fail to comply with straight-forward procedural requirements and deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Even taking as true Plaintiff's allegation that she was provided erroneous instructions by the Clerk's Office, I conclude Plaintiff failed to exercise due diligence to timely satisfy her service burden and thus, has failed to show "good cause" to extend the service deadline. After all, Plaintiff

was to *complete* service of process by this date, which may have required multiple attempts, as evidenced by the fact that Elling never received the "letter" Plaintiff allegedly sent by certified mail.

Nevertheless, a discretionary extension may still be granted. *Oakland Physicians Med. Ctr., LLC*, 44 F.4th at 568-69.

Defendant urges me not to grant such an extension but to dismiss the case without prejudice instead. (Doc. No. 18 at 2-6). Defendants "do not dispute" that the second, third, and sixth factors of the *Oakland Physicians* test weigh in favor of granting Plaintiff an extension. (*Id.* at 2-3). Put otherwise, Defendants concede: (a) an extension of time would not prejudice them other than the inherent prejudice in having to defend the suit; (b) they have actual notice of the lawsuit; and (c) Plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process. *Oakland Physicians Med. Ctr., LLC*, 44 F.4th at 569.

But Defendants contend the remaining four factors weigh in favoring of denying Plaintiff an extension and dismissing the case without prejudice instead. (Doc. No. 18 at 3-6). These factors are:

> (1) whether an extension of time would be well beyond the timely service of process;
>
> . . .
>
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
>
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; [and]
>
> . . .
>
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians Med. Ctr., LLC*, 44 F.4th at 569.

With respect to the first factor, Defendant alleges "[a]ny extension would be unreasonable under the facts of this case" that was originally filed on June 21, 2024. (Doc. No. 18 at 3 (citing

Doc. No. 1).  As Defendant correctly notes, this case has already been delayed because of Plaintiff's failure to comply with federal law and this Court's Orders.

This action was first delayed because Plaintiff failed to pay the filing fee or attempt to provide the Court with accurate and complete information in support of her application to proceed *in forma pauperis*.  (*See* Doc. Nos. 2 and 4).  Though Plaintiff was given an opportunity to cure this deficiency, she failed to do so, resulting in the dismissal of this action on September 19, 2024.  (Doc. No. 5).  On October 15, 2024, Plaintiff paid the filing fee and filed a motion to reopen.  (*See* Oct. 15, 2024 non-document Financial Traction; Doc. No. 6).  I granted Plaintiff's motion and reopened the case on January 24, 2025.  (Doc. No. 7).  In accordance with my January 24, 2025 Order, she was required to serve Defendants by April 24, 2025. (*Id.*).  But again, she failed to timely comply with this Court's Orders, which have resulted in further delay of this case.  Because Plaintiff's previous and continued non-compliance with this Court's Orders have delayed this case, I conclude this factor weighs in favor of denying an extension.

Defendants also allege the fourth factor weighs in its favor because her claims would fail on grounds other than the statute of limitations and therefore would not "be additionally prejudiced by not granting an extension of time."  (Doc. No. 18 at 3-6).  Specifically, Defendants assert:

> Plaintiff lacks a private right of action with regards to one of her claims, some of Plaintiff's claims are time barred, some of Plaintiff's claims cannot be brought due to failure to exhaust administrative remedies, or Plaintiff has brought suit against improper parties.

(*Id.* at 3).  If Defendants are correct about the legal sufficiency of Plaintiff's claim, they would be correct that dismissal of these claims without prejudice would not result in them later being dismissed *with* prejudice as time-barred.  But I conclude these arguments are more properly made via a motion to dismiss for failure to state a claim.  If these arguments were successful, they would result in a dismissal of Plaintiff's claims on the merits – the preferred method of adjudication of claims before this court.  *See Jourdan*, 951 F.2d at 110 ("Although this court prefers that claims be

adjudicated on their merits, dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay."). Because Defendants have failed to show a dismissal of Plaintiff's claims without prejudice would not result in *any* of those claims being effectively dismissed with prejudice as time-barred, I find this factor is neutral, at best.

Defendants contend the fifth factor weighs in their favor because Plaintiff has not been diligent in perfecting service of process on them. (Doc. No. 18 at 5). Specifically, they note, "Plaintiff attempted to serve her Complaint via certified mail on the *last possible date* in which to complete service of process," [and] "[i]nstead of completing service by April 24th, Plaintiff improperly mailed her own Complaint on this date." (*Id.*). As discussed above, I agree. Plaintiff has failed to diligently attempt to satisfy her service requirement and therefore, the fifth factor weighs in favor of dismissal rather than an extension.

Finally, with respect to the seventh factor, Defendants alleges it weighs in their favor because:

> Nothing in Plaintiff's Memorandum in Opposition or other filings show that an equitable factor is present. (Doc. #15). Plaintiff failed to provide any excuse or reason why she waited until the last day to attempt service before improperly mailing her Complaint to the Defendants. Given the lack of explanation from Plaintiff in her Memo, this factor should weigh in favor of not granting an additional extension for Plaintiff to complete service of process.

(Doc. No. 18 at 6). Defendants are correct that Plaintiff has failed to justify her decision to wait as long as she did to attempt to satisfy her service requirement. But I conclude this fact does not give any weight to the seventh factor – in favor or against an extension. Instead, I conclude the seventh factor remains neutral.

For the foregoing reasons, I conclude three factors weigh in favor of granting an extension, two weigh in favor of denying it, and two remain neutral. With this, I conclude the best course here is to grant Plaintiff a brief extension of the service deadline and to deny Defendants' Rule 12(b)(4) and 12(b)(5) motion to dismiss this case without prejudice. Plaintiff is granted a thirty-day extension

to serve process on Defendants. If Plaintiff fails to satisfy this burden, this case will be dismissed without prejudice.

## IV. APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment of counsel, alleging she has no income and was denied representation by an attorney who she assumed would represent her. (Doc. No. 16).

The Sixth Circuit has held there is no constitutional or statutory right to appointed counsel in civil cases, but that such an appointment is within a court's discretion. *Glover v. Johnson,* 75 F.3d 264, 268 (6th Cir. 1996); *see also Abdur-Rahman v. Michigan Dep't of Corr.,* 65 F.3d 489, 492 (6th Cir. 1995). Appointment of counsel in a civil action is "a privilege justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citations omitted).

While I sympathize with Plaintiff and her efforts to secure representation, I conclude she has not demonstrated this case involves exceptional circumstances justifying the appointment of counsel. Therefore, I deny her motion. (Doc. No. 16).

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is denied, (Doc. No. 11), Plaintiff's motion for an "extension of [her] case" is granted, (Doc. No. 13), and Plaintiff's motion for appointment of counsel is denied. (Doc. No. 16).

Plaintiff shall perfect service of process on Defendants no later than April 29, 2026. She shall file proof of service confirming she has satisfied this burden no later than May 6, 2026. Failure to do so will result in dismissal of this case without prejudice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge